OPINION OF THE COURT — by
Chief Justice TURNER.
On motion of defendant to amend by filing a plea of trial and judgment at law.
It appears by the bill and answer, that John Huffman brought his action at law, in the Warren circuit court, in 1820, for breach of covenant, in the sale of a slave, and recovered judgment for $>450, at the September Term of said court, in 1823;
That the defendant at law, G. Burnham, filed his bill, setting forth, among other things, that the said verdict and judgment were obtained in consequence of the sickness and absence of his material witness, Henry D. Downs;
That the plaintiff at law, had no cause of action, &c., and prayed an injunction and general relief.
In this bill the defendant, Huffman, by Messrs. Whiting and Lewis, their attorneys, filed their answer, in June, 1824. A general replication was filed in December, 1824, and at the rules in May, 1825, the cause was set for hearing.
At January term, 1826, of the chancery court, the cause was argued and submitted on final hearing, — and in May 1826, a re-argument was ordered. The ca use was then continued from term to term, till June term, 1828, when the injunction was dissolved. — An appeal was taken to the supreme court, where the decree of the chancellor dissolving the injunction was reversed, at December term, 1829, and cause remanded. The cause was again set for hearing at June term, 1830; and the present chancellor having been concerned as counsel for the complainant, transferred the cause to this court.
*382 It appears that the complainant’s depositions were taken in DecemBerj, 1824, filed and opened in the same month, in the chancery clerk’s office;:: being three in number, and fully supporting the allegations of the bill.— No depositions appear to have been taken by the defendant.
At the present term, the cause was submitted without argument, and the opinion of the court has been pronounced in favor of the complainant, decreeing a perpetual injunction; and on the complainant’s counsel presenting the draft of a decree for signature, the counsel of the defendant came in, and objected thereto, and moved to amend his answer by filing a plea of the verdict and judgment at law, in bar of this suit; — which motion has Been heard.
The grounds laid for this mGtion appear in the affidavit of A. Whiting, Esq.,.solicitor for defendant, who states that he wasengaged"in the suit at law for Huffman; that the trial was full and fair, &c.; that he drew Hufíman’s answer in chancery, which he believed sufficient at the time under the decisions and practice of the first chancellor, who decided it so by dissolving the injunction on final'hearing; thatunder the late decisions of the chancery and supreme courts, the answer is defective, and not sufficient to bring before the court, a material and substantial defence to the relief claimed, viz: the benefit of the judgment at law,Sfc.
The complainant’s counsel, N. G‘. Howard; shews by his affidavit, that H. Downs, the complainant’s principal witness, is' dead; that if he were alive, he could prove material facts by him, to shew that the judgment'ai'law, even if pleaded and insisted on by the defendants’ answer, could not avail the defendant, &'c. and that the nature of the answer as filed did not render such proof necessary, at the time said Downs’ deposition was taken, &c.
It is laid down in the books of chancery practice, that amendments are liberally allowed to reach the merits, and that each case must depend very much on its own circumstances, and be governed by the sound discretion of the court. But the books are not silent as to the general rules of practice, and cannot be unknown to the attentive student. It is certainly a safe and a sound rule, which requires, that applications to amend should not be delayed, but should be made at the earliest period practicable. The law abhors laches and delay, in bringing causes to issue*, *383 and to trial, and it delights, (if I may be allowed the expression) in doing speedy justice between the parties litigant in courts of justice, whether of common law, or chancery jurisdiction.
There is a radical defect in the shewing made by the defendant’s solicitor on this point, — and it appears that hebas not been diligent, in omitting to make this application to amend, at a much earlier period in the progress of this cause.
The bill itself gave the defendant full notice of the trial and judgment at law. It is the very thing complained of; and the oldest books of chancery practice shew how it should be pleaded, if the defendant intended to rely on it in his defence, — Hinds ch. pr. 186; Harrison’s ch. 245, '257.
The former decisions of the chancellor in similar cases, are relied on. Whatever may have been the decisions of our first chancellor, in '■particular cases, I know not. But I well know, that this matter was much debated before that respectable officer, soon after he came to the bench, from 1821, to 1824, in cases in which I was of counsel. I remember well, having repeatedly urged it in the case of Erwin and Wright, vs. B. Roach, without effect; and the New York, as well as the English cases were then relied on by the chancellor. They were familiar to him.
Iam aware that this court has, in one or two instances, if not in three, admitted amendments of this nature, under an impression that the early practice of this state, and of the late territory, was loose, and calculated to lead the bar astray from the strict rules of practice, and under the peculiar circumstances of those cases. But these decisions were not made by the concurrent opinion of all the judges, and were not intended to govern other cases. If they had been such, it would be a strange mode of reforming our chancery practice; a reform which was looked to by the constitution of 1817, and consummated by the act of 1821, creating and establishing the court of chancory.
Our libraries have been furnished ever since 1822 and before, with books of chancery law, — such as Atkins, P. William’s, Gilbert, Hinds, Harrison, Vernon, Viner’s abridgment, &c., and those who set up ignorance of the law, as an apology for former prac tice, bestow but a poor compliment upon suchjudgesas Lewis, Ker, Matthews, Martin, Simpson, *384 Poindexter, Shields, Taylor and Clarke; and such counsellors as Harding, Murray, Duncan, Campbell,” Reid, Rankin, Metcalfe, and others, equally worthy and eminent, both of the bench and the bar.
If this motion were to prevail, I know not the resting place — I am sure no precedpnt can be found to justify it; and the merits — the justice of this controversy demand, that the state of the proceedings shall remain as we find them. To let the defendant in to file the plea asked for, would be to close the door on the merits and justice of the case, so fully made out by the testimony, and would be equal to allowing a plea in abatement, aftér a cause had been tried on the general issue.
Amendment refused.
Judges Black and Nicholson concur.
Judges Child and Cage dissent.